UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------

SANTANDER CONSUMER USA, INC.*,*

                Plaintiff,

      v.

PORT AUTHORITY OF NEW YORK AND NEW JERSEY,

                Defendant.

---------------------------------------------------------------

VW CREDIT, INC.,

                Plaintiff,

      v.

PORT AUTHORITY OF NEW YORK AND NEW JERSEY,

                Defendant.

---------------------------------------------------------------

**MEMORANDUM & ORDER**
20-CV-1997 (MKB)
20-CV-1998 (MKB)

MARGO K. BRODIE, United States District Judge:

      Plaintiffs Santander Consumer USA, Inc. ("Santander") and VW Credit, Inc. ("VW Credit") move pursuant to 42 U.S.C. § 1988 for attorneys' fees for expenses incurred in litigating the above-captioned actions.[1]  (Pls.' Mot. for Atty's Fees ("Pls.' Mot."), Docket Entry No. 34; Pls.' Mem. in Supp. of Pls.' Mot. ("Pls.' Mem."), annexed to Pls.' Mot. as Ex. 1, Docket Entry No. 34-1.)  Defendant Port Authority of New York and New Jersey (the "Port Authority")

---

[1] Unless otherwise noted, all citations to the docket reference Docket No. 20-CV-1997.

opposes the motion. (Def.'s Mem. in Opp'n to Pls.' Mot. ("Def.'s Mem."), Docket Entry No. 37.)

For the reasons explained below, the Court grants in part and denies in part Plaintiffs' motion.

## I. Background

The Port Authority, a bi-state agency that facilitates transportation at LaGuardia Airport and John F. Kennedy Airport, (Pls.' Joint Stmt. of Material Facts Pursuant to Local R. 56.1 ¶¶ 15–16, Docket Entry No. 24-2), took possession of vehicles deemed abandoned at the airports' parking lots and garages, (*id.* ¶ 19), and did not release those vehicles until towing and storage fees were paid in full, (*id.* ¶ 20).[2] Plaintiffs finance the purchase of numerous vehicles through retail installment contracts. (*Id.* ¶¶ 3, 5, 7, 13.) Defendants impounded several of these vehicles, (*id.* ¶¶ 35–39), and refused to release them until Plaintiffs paid past-due parking fees, towing, and storage charges relating to each vehicle, (*id.* ¶ 40).

Plaintiffs commenced the above-captioned related actions against Defendant on May 1, 2020, seeking declaratory relief and alleging violations of their Fourth Amendment and Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983 and their rights pursuant to Article I, Section Six of the New York Constitution, and on August 13, 2020, Defendant filed an Answer.[3] After completing discovery, on August 26, 2021, Plaintiffs moved for summary judgment as to

---

[2] The Court assumes familiarity with the facts as detailed in the Court's August 19, 2022 Memorandum and Order ("August 2022 Decision"), (Aug. 2022 Decision, Docket Entry No. 29), and therefore only provides a summary of the pertinent facts.

[3] (*See* Santander Compl., *Santander Consumer USA, Inc. v. Port Auth. of N.Y. and N.J.*, No. 20-CV-1997, Docket Entry No. 3; VW Credit Compl., *VW Credit, Inc. v. Port Auth. of N.Y. and N.J.*, No. 20-CV-1998, Docket Entry No. 3.; Answer, Docket Entry No. 12.)

all of their claims, and Defendant opposed Plaintiffs' motion.[4] On August 4, 2022, the Court denied Plaintiffs' motion for summary judgment with respect to their Fourth Amendment claims, granted Plaintiffs' motion for summary judgment with respect to their procedural due process claims, and directed Plaintiffs to move for compensatory damages and attorneys' fees ("August 2022 Decision"). (Aug. 2022 Decision 29, Docket Entry No. 29.)

## II. Discussion

### a. Standard of review

Trial courts are afforded "considerable discretion in determining what constitutes reasonable attorney's fees in a given case." *Barfield v. N.Y.C. Health & Hosps. Corp.*, 537 F.3d 132, 151 (2d Cir. 2008); *see Ortiz v. City of New York*, 843 F. App'x 355, 358 (2d Cir. 2021) (stating that "district courts [are afforded] broad discretion in awarding attorneys' fees because they are much closer to the details of each individual case and can better determine what is reasonable and appropriate in the fee calculus for the particular case." (quoting *Lilly v. City of New York*, 934 F.3d 222, 234 (2d Cir. 2019))); *Pettiford v. City of Yonkers*, 833 F. App'x 893, 895 (2d Cir. 2020) ("We afford a district court considerable discretion in determining what constitutes reasonable attorney's fees in a given case, mindful of the court's superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters." (quoting *Matusick v. Erie Cnty. Water Auth.*, 757 F.3d 31, 64 (2d Cir. 2014))). In exercising this discretion, trial courts must "bear in mind *all* of the case-specific variables that . . . courts have identified as relevant to the reasonableness of attorney's fees in

---

[4] (Santander's Mot. for Summ. J., *Santander Consumer USA, Inc. v. Port Auth. of N.Y. and N.J.*, No. 20-CV-1997, Docket Entry No. 24; VW Credit's Mot. for Summ. J., *VW Credit, Inc. v. Port Auth. of N.Y. and N.J.*, No. 20-CV-1998, Docket Entry No. 23; Def.'s Opp'n to Pls.' Mots., Docket Entry No. 25.)

3

setting a reasonable hourly rate." *Lilly*, 934 F.3d at 232 (quoting *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany & Albany Cnty. Bd. of Elections*, 522 F.3d 182, 190 (2d Cir. 2008)). "'[T]he most critical factor' in a district court's determination of what constitutes reasonable attorney's fees in a given case 'is the degree of success obtained' by the plaintiff." *Barfield*, 537 F.3d at 152 (quoting *Farrar v. Hobby*, 506 U.S. 103, 114 (1992)). Other factors a court should consider include but are not limited to:

> the complexity and difficulty of the case, the available expertise and capacity of the client's other counsel (if any), the resources required to prosecute the case effectively (taking account of the resources being marshaled on the other side but not endorsing scorched earth tactics), the timing demands of the case, whether an attorney might have an interest (independent of that of his client) in achieving the ends of the litigation or might initiate the representation himself, whether an attorney might have initially acted pro bono (such that a client might be aware that the attorney expected low or non-existent remuneration), and other returns (such as reputation, etc.) that an attorney might expect from the representation.

*Arbor Hill*, 522 F.3d at 184, 190 (clarifying that district courts should consider, among others, the factors laid out in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87 (1989)); *see also, e.g.*, *Harris v. Best Companion Homecare Servs., Inc.*, No. 18-CV-5328, 2019 WL 4738821, at *7 (E.D.N.Y. Aug. 26, 2019), *report and recommendation adopted*, 2019 WL 4737056 (E.D.N.Y. Sept. 27, 2019).

Both the Second Circuit and the Supreme Court have held that "the lodestar [method] — the product of a reasonable hourly rate and the reasonable number of hours required by the case — creates a 'presumptively reasonable fee.'" *Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) (quoting *Arbor Hill*, 522 F.3d at 183); *see also Agudath Israel of Am. v. Hochul*, No. 22-CV-38, 2023 WL 2637344, at *1 (2d Cir. Mar. 27, 2023) ("Courts award attorney's fees according to the 'presumptively reasonable fee' (or 'lodestar') method, calculated as the product

4

of the reasonable number of hours worked and a reasonable hourly rate." (citing *Arbor Hill*, 522 F.3d at 183–84)); *Grant v. Lockett*, No. 19-CV-469, 2021 WL 5816245, at *7 (2d Cir. Dec. 8, 2021) ("Courts calculate a presumptively reasonable fee under § 1988 by 'determining the appropriate billable hours expended and setting a reasonable hourly rate, taking account of all case-specific variables.'" (quoting *Lilly*, 934 F.3d at 229–30)).  The fee applicant bears the burden of "submit[ting] adequate documentation supporting the requested attorneys' fees and costs."  *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 600 (2d Cir. 2020) (first citing *N.Y. State Ass'n for Retarded Child., Inc. v. Carey*, 711 F.2d 1136, 1154 (2d Cir. 1983) ("All applications for attorney's fees . . . should normally be disallowed unless accompanied by contemporaneous time records indicating, for each attorney, the date, the hours expended, and the nature of the work done." (alteration in original)); and then citing *McCann v. Coughlin*, 698 F.2d 112, 131 (2d Cir. 1983) ("Fee awards . . . must be made on the basis of adequate documentation.")).

       **b.**   **Attorneys' fees**

Plaintiffs seek a collective award of $181,408.80 for attorneys' fees and costs in both cases.  (Pls.' Mem. 1.)  Plaintiffs argue that they are entitled to their requested attorneys' fees because they (1) are prevailing parties, (*id.* at 2–3); (2) seek "rates . . . consistent with the experience of the counsel involved," "the billing rates of other Eastern District of New York law firms," and "the fees awarded by other courts for these same attorneys, after adjusting for inflation," (*id.* at 5–7); (3) seek compensation for a reasonable number of hours spent investigating and litigating these cases, (*id.* at 8–9); and (4) counsel represented Plaintiffs on a contingent basis with a significant amount of time between the work performed and payment received, (*id.* at 10–11).

Defendant argues that (1) Plaintiffs' "claimed hours are excessive," (Def.'s Mem. 3); (2) Plaintiffs' "rates of compensation are excessive," (*id.* at 4); and (3) Plaintiffs "have failed to demonstrate the appropriateness of a fee enhancement and so an enhancement should be denied," (*id.* at 5). In support, Defendants note "that these actions consisted solely of minimal paper discovery followed by motion practice," (*id.* at 3), involving "straightforward" issues, (*id.* at 4), which did not require Plaintiffs' counsel "to draw on any particular expertise gained over their years of experience in order to litigate these cases" because "these cases fall within their standard repertoire," (*id.* at 5). Defendants also note that an enhancement of the lodestar calculation is inappropriate under 42 U.S.C. § 1988. (*Id.* at 5–6 (citing *Fink v. City of New York*, 154 F. Supp. 2d 403, 414 (E.D.N.Y. 2001)). In addition, Defendants argue that the spreadsheets submitted by Plaintiffs "duplicate one another in dates, descriptions, and hours expended," and contain entries which "lack detail and so are not specific enough to allow the Court to assess the nature or amount of work performed." (*Id.* at 3.) Defendants also allege that Plaintiffs' "pleadings in these cases [] mirror the pleadings in other actions handled by the same attorneys." (*Id.* at 4 n.4.)

### i. Reasonable hourly rate

"The reasonable hourly rate is the rate a paying client would be willing to pay . . . bear[ing] in mind that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively." *Lilly*, 934 F.3d at 230 (quoting *Arbor Hill*, 522 F.3d at 190). Such rates should be based on rates "prevailing in the community for similar services of lawyers of reasonably comparable skill, experience, and reputation." *Cruz v. Loc. Union No. 3 of Int'l Brotherhood of Elec. Workers*, 34 F.3d 1148, 1159 (2d Cir. 1994) (quoting *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984)). "Determination of the prevailing market rates may be based on evidence presented or a judge's own knowledge of hourly rates charged in the community."

*Spain v. Kinder Stuff 2010 LLC*, No. 14-CV-2058, 2015 WL 5772190, at *8 (E.D.N.Y. Sept. 29, 2015) (first citing *Farbotko v. Clinton Cnty. of N.Y.*, 433 F.3d 204, 209 (2d Cir. 2005); and then citing *Chambless v. Masters, Mates & Pilots Pension Plan*, 885 F.2d 1053, 1059 (2d Cir. 1989)). "[T]he 'community' . . . is the district where the district court sits." *Arbor Hill*, 522 F.3d at 190 (citing *Polk v. N.Y. State Dep't of Corr. Servs.*, 722 F.2d 23, 25 (2d Cir. 1983)).

In what has become known as the "forum rule," courts assess the reasonableness of hourly rates by comparing the rates requested with the prevailing rates charged by attorneys practicing in the district where the court sits. *See Simmons v. N.Y.C. Transit Auth.*, 575 F.3d 170, 174–76 (2d Cir. 2009) (discussing forum rule); *see also Bergerson v. N.Y. State Off. of Mental Health, Cent. N.Y. Psychiatric Ctr.*, 652 F.3d 277, 290 (2d Cir. 2011); *Saleh v. Pretty Girl, Inc.*, No. 09-CV-1769, 2022 WL 4078150, at *31 (E.D.N.Y. Sept. 6, 2022) ("'Courts in this District have concluded that $200 to $450 per hour is a reasonable hourly rate for partners, $200 to $325 per hour is reasonable for senior associates, and $100 to $200 per hour is reasonable for more junior associates.'" (quoting *Crews v. Cnty. of Nassau*, No. 06-CV-2610, 2019 WL 6894469, at *7 (E.D.N.Y. Dec. 18, 2019))); *Aptive Env't, LLC v. Vill. of E. Rockaway*, No. 19-CV-3365, 2022 WL 5434178, at *4 (E.D.N.Y. July 8, 2022) ("[T]here is also precedent within this District awarding rates as high as $600 depending upon the experience of the lawyer and complexity of the matter." (first citing *Centro de la Comunidad Hispana de Locust Valley v. Town of Oyster Bay*, 2019 WL 2870721, at *6 (E.D.N.Y. June 18, 2019), *report and recommendation adopted*, No. 10-CV-2262, 2019 WL 2869150 (E.D.N.Y. July 3, 2019); then citing *United States v. Sixty-One Thousand Nine Hundred Dollars and No Cents*, 856 F. Supp. 2d 484, 494 (E.D.N.Y. 2012)), *report and recommendation adopted*, 2022 WL 4376618 (E.D.N.Y. Sept. 22, 2022); *Lisnitzer v. Shah*, No. 11-CV-4641, 2022 WL 3931388, at *6 (E.D.N.Y. July 6, 2022) ("Courts in this

7

District have also approved hourly rates for paralegals ranging from $70 per hour to $100 per hour, while the average rate is $75 per hour." (quoting *Antoine v. Brooklyn Maids 26, Inc.*, 489 F. Supp. 3d 68, 103 (E.D.N.Y. 2020))), *report and recommendation adopted*, 2022 WL 3914964 (E.D.N.Y. Aug. 31, 2022).

### 1. Michael Rosenberg and Rudolph Meola

Mr. Rosenberg is a highly experienced lawyer who has represented individuals with seized property for decades and has practiced law for more than fifty-two years. (Decl. of Nicholas A. Duston, Esq. in Supp. of Pls.' Mot. ("Duston Decl.") ¶ 7.b, annexed to Pls.' Mot. as Ex. 2, Docket Entry No. 34-2.) His "practice has involved the representation of owners and lienholders whose property has been placed in jeopardy of loss by seizure and deprivation by various government entities or other third parties who exert liens and otherwise seek charges from the owners and lienholders." (Decl. of Michael A. Rosenberg, Esq. in Supp. of Pls.' Mot. ("Rosenberg Decl.") ¶ 2, annexed to Pl.'s Mot. as Ex. 4, Docket Entry No. 34-4.) Similarly, Mr. Meola has practiced law for more than thirty years and now almost exclusively focuses his practice on "representing automotive finance/leasing companies in recovering vehicle[s] from third-party claimants." (Decl. of Rudolph J. Meola, Esq. in Supp. of Pls.' Mot. ¶ 2, annexed to Pls.' Mot. as Ex. 3, Docket Entry No. 34-3.)

Plaintiffs seek hourly rates of $630 for Mr. Rosenburg's and Mr. Meola's work on these matters. (Duston Decl. ¶¶ 7.b., 7.c.) While Mr. Rosenberg and Mr. Meola have considerable experience with cases of this nature, Plaintiffs' requested hourly rates exceed those typically awarded to attorneys of comparable experience in this District. As such, the Court finds that a reasonable plaintiff would pay a rate of $600 per hour for Mr. Rosenberg's and Mr. Meola's services and reduces their hourly rates accordingly. *See HVT, Inc. v. Port Auth. of N.Y. and N.J.*,

No. 15-CV-5867, 2018 WL 6079932, at *3 (E.D.N.Y. Nov. 21, 2018) (considering requests for hourly rates of $600 per hour and finding that "a reasonable plaintiff would pay a rate of $525 per hour for Mr. Meola and Mr. Rosenberg's services in this District"); *Santander Consumer USA, Inc. v. City of Yonkers*, No. 20-CV-4553, 2022 WL 4134718, at *4 (S.D.N.Y. Sept. 12, 2022) (granting Mr. Meola's fee request of $600 in a case with similar claims); *see also Arbor Hill*, 522 F.3d at 190 (affirming reduction of requested hourly rate from $625 to $450).

### 2. Nicholas Duston

Mr. Duston has practiced law for approximately twelve years and regularly represents clients in cases brought pursuant to 42 U.S.C. § 1983. (Duston Decl. ¶ 7.d.) In the course of that work, Mr. Duston has "appeared *pro hac vice* around the country in relation to cases involving the recovery of motor vehicles." (*Id.*) Plaintiffs seek to recover an hourly rate of $570 per hour for Mr. Duston's work on these matters. (*Id.*)

While Mr. Duston has experience in similar cases within this District, *see Toyota Lease Tr. v. Vill. of Freeport*, No. 20-CV-2207, 2023 WL 4443992 (E.D.N.Y. Jan. 24, 2023); *Santander Consumer USA, Inc. v. Cnty. of Suffolk*, No. 20-CV-2656, 2021 WL 4480574 (E.D.N.Y. Sept. 30, 2021), the Court finds that Plaintiffs' requested rate exceeds what a reasonable plaintiff in this District would pay for Mr. Duston's services. As such, the Court finds that a reasonable plaintiff would pay $500 for Mr. Duston's services and reduces his hourly rates accordingly. *See City of Yonkers*, 2022 WL 4134718, at *4 (considering Mr. Duston's request for a rate of $550 per hour and finding that a rate of $500 per hour was appropriate).

### 3. Sarah Bouskila and Alexander Sokolof

Ms. Bouskila and Mr. Sokolof are fifth- and third-year associates, respectively. (Duston Decl. ¶¶ 7.e, 7.f.) Plaintiffs request hourly rates of $425 for Ms. Bouskila and Mr. Sokolof.

9

These rates are well above the rates typically approved for litigators of Ms. Bouskila's and Mr. Sokolof's experience level. *See Ramsey v. J.C. Skynet Serv., LLC*, No. 21-CV-469, 2023 WL 319549, at *2 (E.D.N.Y. Jan. 19, 2023) (approving a $300 hourly rate for an associate); *Aptive Env't, LLC*, 2022 WL 4376618, at *4 (adopting recommendation of hourly rates between $200 and $395 for associates); *Shah*, 2022 WL 3931388, at *5 ("Courts in this District have approved the following hourly rates for attorneys practicing in the Eastern District of New York: . . . $200 to $325 for senor associates, and $100 to $200 for junior associates." (quoting *PNC Equip. Fin., LLC v. Montauk Transp. Serv. Inc.*, No. 18-CV-5883, 2019 WL 8685091, at *4 (E.D.N.Y. Dec. 16, 2019), *report and recommendation adopted*, 2020 WL 2219197 (E.D.N.Y. May 7, 2020))). As such, the Court finds that a reasonable Plaintiff would pay $300 for Ms. Bouskila's services and $250 for Mr. Sokolof's services, and reduces their hourly rates accordingly.

### 4. Jessica Cunha Deo

Ms. Deo is a paralegal with experience assisting attorneys in state and federal court matters concerning lienholder rights in motor vehicles. (Duston Decl. ¶ 7.g.) Plaintiffs request an hourly rate of $200 for Ms. Deo's work on these cases, (*id.*), which is well above the rates courts in this District typically approve for paralegals in section 1983 cases, *Ramsey*, 2023 WL 319549, at *2 (approving a $100 hourly rate for a paralegal). As such, the Court finds that a reasonable Plaintiff would pay $100 for Ms. Deo's services, and reduces her hourly rates accordingly. *See Shah*, 2022 WL 3931388, at *7 (recommending reduction of hourly rate for paralegal work in a § 1983 case from $125 to $75).

### ii. Hours reasonably expended

In reviewing a fee application, courts may review the expenditure of hours submitted by counsel, and adjust to a reasonable amount, as determined in light of the particulars of the case.

10

*See Gayle v. Harry's Nurses Registry, Inc.*, No. 07-CV-4672, 2013 WL 5502951, at *8–9 (E.D.N.Y. Aug. 26, 2013) ("In reviewing a fee application, the district court must examine the particular hours expended by counsel with a view to the value of the work product of the specific expenditures to the client's case."), *report and recommendation adopted*, 2013 WL 5502950 (E.D.N.Y. Sept. 30, 2013). To obtain an award of attorneys' fees, a petitioner must provide contemporaneous time records that support the date work was performed, the nature of the hours expended, and the work done. *See Scott v. City of New York*, 643 F.3d 56, 57 (2d. Cir. 2011) ("[A] district court's 'personal observation' of an attorney's work is not by itself a sufficient basis for permitting a deviation and awarding fees in the absence of contemporaneous records."); *Pilitz v. Inc. Vill. of Freeport*, No. 07-CV-4078, 2011 WL 5825138, at *4 (E.D.N.Y. Nov. 17, 2011) (noting that "the party seeking [attorneys'] fees [must] submit sufficient evidence to support the hours worked and the rates claimed" and "must support its application by providing contemporaneous time records that detail 'for each attorney, the date, the hours expended, and the nature of the work done'" (quoting *Carey*, 711 F.2d at 1148)). "In determining the number of hours reasonably expended on a case, a district court properly excludes documented hours that are 'excessive, redundant, or otherwise unnecessary.'" *Raja v. Burns*, 43 F.4th 80, 87 (2d Cir. 2022) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). "[I]n dealing with such surplusage, the court has discretion simply to deduct a reasonable percentage of the number of hours claimed 'as a practical means of trimming fat from a fee application.'" *Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998) (quoting *Carey*, 711 F.2d at 1146).

Plaintiffs have largely provided sufficiently detailed records to justify the number of hours billed to these cases. However, a number of vague entries prevent the Court from fully assessing the reasonableness of counsel's asserted number of hours spent litigating these cases.

11

In particular, more than fifty billing entries from Mr. Rosenburg pertaining to emails he exchanged with his co-counsel provide no details from which the Court may assess the reasonableness of the time Mr. Rosenberg purportedly devoted to these communications. Accordingly, in view of the vague entries, the Court will apply a 15% reduction to the number of hours attributed to Mr. Rosenberg. *See Saleh*, 2022 WL 4078150, at *35 (applying a 15% across-the-board reduction of hours for vague billing entries); *Smith v. City of New York*, No. 19-CV-6198, 2022 WL 939711, at *9 (E.D.N.Y. Mar. 28, 2022) (applying a 15% across-the-board reduction of hours for attorney's vague billing entries).

          iii.    **Enhancement**

Plaintiffs seek enhancements of the lodestar calculation because of their representation on a contingency basis and due to delay in payment. (Pls.' Mem. 10.)

Because the lodestar calculation "is not 'conclusive in all circumstances,'" on "rare" occasions, the "court may adjust the lodestar when it 'does not adequately take into account a factor that may properly be considered in determining a reasonable fee.'" *Millea*, 658 F.3d at 167 (quoting *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 553–54 (2010)). "[A]n enhancement for delay in payment is, where appropriate, part of a reasonable attorney's fee and [] an appropriate adjustment for delay in payment — whether by the application of current rather than historic hourly rates *or otherwise* — is within the contemplation of the statute." *H.C. v. N.Y.C. Dep't of Educ.*, 71 F.4th 120, 129 (2d Cir. 2023) (internal quotation marks omitted). "In protracted litigation, therefore, a district court . . . may calculate all hours at whatever rate is necessary to compensate counsel for delay." *Grant v. Martinez*, 973 F.2d 96, 100 (2d Cir. 1992); *see also Farbotko*, 433 F.3d at 210 n.11 (explaining that "[b]ecause attorney's fees are often awarded long after services have been rendered, this rule was designed to compensate litigants

12

for the delay in payment"). Contingency is another factor to consider in lodestar enhancement, but it is not, "[i]n and of itself, . . . a sufficient basis for awarding a lodestar bonus." *Lewis v. Coughlin*, 801 F.2d 570, 575 (2d Cir. 1986).

In view of the facts presented in Plaintiffs' motion and the Court's familiarity with this case, the Court finds that no enhancement of the lodestar calculation is warranted. Plaintiffs have failed to present compelling arguments as to why the contingent nature of their representation compels a loadstar enhancement in these matters. *See Abuzaid v. Woodward*, No. 08-CV-1213, 2010 WL 11680165, at *5 (N.D.N.Y. Nov. 9, 2010) (denying contingency enhancement request where counsel had not "provided specific evidence as to why the . . . enhancement sought . . . is warranted"). In addition, Plaintiffs have not demonstrated why compensation at present-day rates is insufficient to account for any delays in payment. Mindful that Section 1988 is not intended to create a windfall for Plaintiffs' attorneys, *Lewis v. Coughlin*, 801 F.2d 570, 576 (2d Cir. 1986), the Court denies Plaintiffs' request for a lodestar enhancement.

    iv. **Lodestar calculation**

The lodestar is "calculated as the product of the reasonable number of hours worked and a reasonable hourly rate." *Agudath Israel of Am.*, 2023 WL 2637344, at *1 (citing *Arbor Hill*, 522 F.3d at 183–84). Accordingly, consistent with the analysis above, the Court calculates the lodestar as follows:

| Billing Professional | Total Hours | Adjusted Hours | Hourly Rate | Amount |
|---|---|---|---|---|
| Michael Rosenberg | 68.3 | 58.055 | $600 | $34,833 |
| Rudolph Meola | 65.8 | N/A | $600 | $39,480 |
| Nicholas Duston | 106.9 | N/A | $500 | $53,450 |
| Sarah Bouskila | 5.3 | N/A | $300 | $1590 |
| Alexander Sokolof | 7.3 | N/A | $250 | $1825 |
| Jessica Cunha Deo | 3.4 | N/A | $100 | $340 |
| **TOTALS** | 257 | 246.755 | | **$131,518** |

### v. Costs

Pursuant to Section 1988, prevailing parties may recover "reasonable litigation expenses." *Hilton v. Wright*, 673 F.3d 120, 130 (2d Cir. 2012) (first citing *U.S. Football League v. Nat'l Football League*, 887 F.2d 408, 416 (2d Cir. 1989); then citing *Reichman v. Bonsignore, Brignati & Mazzotta P.C.*, 818 F.2d 278, 283 (2d Cir. 1987)); *see also Kuzma v. I.R.S.*, 821 F.2d 930, 933–34 (2d Cir. 1987) ("Identifiable, out-of-pocket disbursements for items such as photocopying, travel, and telephone costs are generally taxable under § 1988 are often distinguished from nonrecoverable routine office overhead, which must normally be absorbed within the attorney's hourly rate."). Expenses which are part of an attorney's ordinary overhead are not reimbursed. *See Pall Corp. v. 3M Purification Inc.*, No. 97-CV-7599, 2012 WL 1979297, at *3 (E.D.N.Y. June 1, 2012).

Plaintiffs seek reimbursement for $1050 in fees, including a $400 filing fee and $125 process server fee in each case. (Rosenberg Decl. ¶ 5.) Defendant does not object to these fees. Accordingly, the Court grants Plaintiffs' motion for attorneys' fees with respect to the filing and process server fees incurred by Plaintiffs' counsel in these cases.

**III. Conclusion**

For the reasons stated above, the Court grants in part and denies in part Plaintiffs' motion. The Court awards Plaintiffs attorneys' fees and costs in the amount of $132,568.

Dated: September 6, 2023
       Brooklyn, New York

                                        SO ORDERED:

                                        _____s/ MKB_____
                                        MARGO K. BRODIE
                                        United States District Judge